# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 97-41087
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZACKARY ULYESSES JOHNSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(1:97-CR-46-1)

July 23, 1998

Before POLITZ, Chief Judge, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Zackary Uylesses Johnson appeals the sentence imposed after his guilty-plea conviction for possessing a controlled substance (cocaine base or crack cocaine) with intent to distribute, in violation of 21 U.S.C. § 841(a).

Johnson contends that the district court committed clear error in its determination, for sentencing purposes, of the amount of cocaine base involved. It is his position that the court improperly included unseized amounts of cocaine base that, according to the PSR, an undercover officer purportedly "felt" and concluded amounted to four ounces

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the contraband.

Johnson errs. There is no such statement in the PSR, nor is there any statement from which this reasonably might be inferred. Rather, the PSR informs that Johnson told the undercover officer that he had "four ounces" of crack to sell.

In sentencing, the district court is to approximate the quantity of drugs not seized. That determination is a factual finding which we review for clear error.[1] This factual call need be supported only by a preponderance of the evidence.[2] The district court took the four ounces of which Johnson spoke and reduced them, using a formula reflecting the actual amount compared to Johnson's earlier exaggeration of transactions he made of "one ounce" and "¼ ounce."[3] This reduction manifestly was in Johnson's favor. In this approximation we perceive neither clear error nor error.[4]

Johnson's sentence is AFFIRMED.

---

[1]**United States v. Torres**, 114 F.3d 520 (5th Cir.), **cert denied**, 118 S.Ct. 316 (1997).

[2]**United States v. Gaytan**, 74 F.3d 545 (5th Cir. 1996).

[3]**See** U.S.S.G. § 2D1.1, comment (n.12).

[4]**Torres**.